```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
WHITE MOUNTAINS REINSURANCE COMPANY OF     :
AMERICA (as successor in interest to       :   11 Civ. 390 (DLC)
MONY REINSURANCE CORPORATION and           :
CHRISTIANA GENERAL INSURANCE COMPANY),     :      MEMORANDUM
                                           :   OPINION AND ORDER
                    Plaintiff,             :
                                           :
            -v-                            :
                                           :
TRAVELERS CASUALTY AND SURETY COMPANY,     :
                                           :
                    Defendant.             :
                                           :
----------------------------------------- X
```

APPEARANCES

For the plaintiff:
Michael Howard Goldstein
Mound Cotton Wollan & Greengrass (NYC)
One Battery Park Plaza
9th Floor
New York, NY 10004

For the defendant:
Matthew John Shiroma
Thomas O'Connor Farrish
Day Pitney, L.L.P.
242 Trumbull Street
Hartford, CT 06103

DENISE COTE, District Judge:

   Plaintiff White Mountains Reinsurance Company of America ("WMRA"), as successor in interest to MONY Reinsurance Corporation and Christiana General Insurance Company, initiated this action by filing a complaint in the Supreme Court of the State of New York, New York County, on December 23, 2010,

1

against Travelers Casualty & Surety Company ("Travelers"). WMRA asserts claims for declaratory judgment and breach of contract arising out of a dispute concerning certain reinsurance contracts. On January 19, 2011, Travelers removed the action to this Court alleging diversity jurisdiction. On January 31, an initial conference was scheduled for March 11. At Traveler's request, it has been adjourned to April 29.

Related civil litigation is ongoing in the District of Connecticut (the "Connecticut Actions"). The Connecticut Actions were filed by Travelers against reinsurers, but WMRA is not a party in any of those actions.

On February 25, 2011, Travelers filed a motion to transfer this action to the District of Connecticut pursuant to 28 U.S.C. § 1404(a). The motion was fully submitted on March 18, 2011.

DISCUSSION

The relevant law is well established. Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have "broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co., Inc. v.

Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).  The movant bears the burden of establishing, by "clear and convincing evidence," that a transfer of venue is warranted.  N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010).

If the transferee court would also have jurisdiction over the case, the court must determine whether, considering the "convenience of parties and witnesses" and the "interest of justice," a transfer is appropriate.  In making that determination, a court considers:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

Id. at 112 (citation omitted).  A court may also consider "the forum's familiarity with the governing law" and "trial efficiency and the interest of justice, based on the totality of the circumstances."  Berman v. Informix Corp., 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998).

Travelers has not established by "clear and convincing evidence" that a transfer of venue is appropriate here.  Although there is no dispute that this action could have been commenced in the District of Connecticut, WMRA's choice of forum is "given great weight."  D.H. Blair, 462 F.3d at 107.  This is especially true here, as WMRA and the underlying transaction

3

have a strong connection to this district.  None of the remaining factors articulated in N.Y. Marine weigh to any significant degree in Travelers's favor.

Travelers argues that this action should be transferred because the Connecticut Actions are related, and this trumps any other considerations in favor of retaining this action in this district.  The cases that Travelers cites, however, all found that aside from the existence of related cases in transferee districts, the other factors relevant to a transfer motion discussed above, also weighed in favor of transfer.  See, e.g., Strougo v. Brantley Capital Corp., 243 F.R.D. 100, 108 (S.D.N.Y. 2007) ("While economy and efficiency [due to the existence of a related action] alone might not be a sufficient basis to transfer . . . there are, as described herein, many reasons why transferring venue . . . is warranted.").  Although Travelers suggests that this action was "a pre-emptive suit for declaratory relief," it fails to make the required showing that this action was "filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action."  Employers Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 276 (2d Cir. 2008).

CONCLUSION

Travelers's February 25, 2011 motion to transfer venue is denied.

SO ORDERED:

Dated:   New York, New York
         April 13, 2011

                              _____
                                       DENISE COTE
                              United States District Judge

5